LEO P. FLANGAS,
Nevada Bar No. 5637
FLANGAS LAW FIRM, LTD.
616 S. Eighth Street
Las Vegas, Nevada 89101
Telephone: (702) 384-1990
Facsimile: (702) 384-1009
Email: leo@flangaslawoffice.com
*Attorney for Plaintiff/Judgment Creditor,*
*Newbridge Securities Corporation*

**UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| NEWBRIDGE SECURITIES CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>SMART POWERR CORP f/k/a CHINA RECYCLING ENERGY CORPORATION, a domestic corporation; SECURITIES TRANSFER CORPORATION, a foreign corporation; DOES I through X, inclusive; and ROE ENTITIES I through X,<br><br>Defendants. | Case No.: 2:24-cv-00399-MMD-EJY<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO MODIFY ORDER GRANTING STIPULATED JUDGMENT AND MOTION FOR ATTORNEY'S FEES AND COSTS** |

Plaintiff/Judgment Creditor, NEWBRIDGE SECURITIES CORPORATION, by and through their counsel of record, Leo P. Flangas, Esq., of Flangas Civil Law Firm, Ltd., having filed its Motion to Modify Order Granting Stipulated Judgment (the 'Motion"), and having reviewed the Motion, exhibits, pleadings and case docket in the above-captioned matter, and having considered the arguments of the parties,

**THE COURT HEREBY FINDS and ORDERS** as follows:

Plaintiff/Judgment Creditor, NEWBRIDGE SECURITIES CORPORATION and Defendant, SECURITIES TRANSFER CORPORATION, by and through counsel of record, Rex D. Garner, Esq., of Fox Rothschild previously stipulated to Judgment being entered against

1

Defendant, SECURITIES TRANSFER CORPORATION, as well as issuance of the specified shares of stock in Defendant SMART POWERR CORP f/k/a CHINA RECYCLING ENERGY CORPORATION.  ECF No. 7.

The parties stipulated that, pursuant to the original Default Judgment entered against Defendant, SMART POWERR CORP f/k/a CHINA RECYCLING ENERGY CORPORATION, in case no. 2:22- cv-00551-JAD-VCF on October 17, 2022 (Doc. 18), the Court ordered that Plaintiff was entitled to payment in the amount of $139,066.00. Based on a valuation per share of Defendant SMART POWERR CORP f/k/a CHINA RECYCLING ENERGY CORPORATION's stock ("CREG") of $3.00/per share as of that date, the Court ordered the transfer of 46,355 shares of CREG to Plaintiff.  The Court further ordered that Plaintiff was entitled to assign the shares as it deemed appropriate.

The parties further stipulated that, pursuant to the Amended Default Judgment entered against Defendant, SMART POWERR CORP f/k/a CHINA RECYCLING ENERGY CORPORATION, in case no. 2:22-cv-00551-JAD-VCF on March 15, 2023 (Doc. 23), the Court ordered that Plaintiff was entitled to payment in the amount of $139,066.00. Based on a valuation per share of Defendant SMART POWERR CORP f/k/a CHINA RECYCLING ENERGY CORPORATION's stock ("CREG") of $1.94/per share as of that date, the Court ordered the transfer of 71,684 shares of CREG to Plaintiff.  The Court further ordered that Plaintiff was entitled to assign the shares as it deemed appropriate.

In accordance with the default judgment in the amount of $139,066.00 as stated in the Amended Default Judgment and based on the prior valuation of CREG stock at $1.08/share, the parties stipulated to issuing 128,765 CREG shares of common stock to Plaintiff. The parties further stipulated to Plaintiff's assignment of the shares as referenced in the Court's prior Order. ECF No. 8.

The parties further stipulated that the 128,765 shares would be allocated to the following assignees:

| Assignee | Number of Shares | Percentage of Total Shares |
|---|---|---|
| Constantino Gutierrez<br>c/o NEWBRIDGE SECURITIES CORPORATION<br>1200 North Federal Highway Ste. 400<br>Boca Raton, FL 33432 | 77,259 | 60% |
| Sandstone Group Corp.<br>BUSINESS FILINGS INCORPORATED<br>108 West 13th St.<br>Wilmington, New Castle, DE 19801 | 19,315 | 15% |
| Newbridge Securities Corp.<br>1200 North Federal Highway Ste. 400<br>Boca Raton, FL 33432 | 31,547 | 24% |
| Bruce Jordan<br>c/o NEWBRIDGE SECURITIES CORPORATION<br>1200 North Federal Highway Ste. 400<br>Boca Raton, FL 33432 | 644 | 1% |

**IT WAS FURTHER STIPULATED BY THE PARTIES** that Securities Transfer Corporation would not be required to Answer the instant Complaint and Plaintiff stipulated not to initiate Default Proceedings against Securities Transfer Corporation.

The parties further stipulated that the stipulated judgment shall direct that the above specified shares shall be issued in book entry format and shall be issued with the following restrictive legend:

> THE SHARES REPRESENTED BY THIS CERTIFICATE OR POSITION HAVE NOT BEEN REGISTERED OR QUALIFIED UNDER THE SECURITIES ACT OF 1933, AS AMENDED (THE "33 ACT"), OR ANY OTHER SECURITIES LAWS AND MAY NOT BE OFFERED FOR SALE, SOLD, TRANSFERRED, ASSIGNED,HYPOTHECATED, OR OTHERWISE DISPOSED EXCEPT (1) UPON EFFECTIVE REGISTRATION OF THE TRANSACTION UNDER THE 33 ACT AND OTHER APPLICABLE SECURITIES LAWS COVERING THE SECURITIES OR (2) UPON ACCEPTANCE BY THE COMPANY AND ITS TRANSFER AGENT OF AN OPINION OF COUNSEL IN SUCH FORM AND SUBSTANCE AS IS ACCEPTABLE TO THE EFFECT THAT SUCH REGISTRATION IS NOT

REQUIRED OR THAT ANY SUCH TRANSACTION IS EXEMPT FROM THE REGISTRATION REQUIREMENT OF THE 33 ACT.

It was also stipulated by the parties that Defendant, SECURITIES TRANSFER CORPORATION, in entering into this stipulation, admits no liability and does not consent to general jurisdiction in Nevada. These stipulations were approved and ordered by the Court. ECF No. 8.

The Motion seeks an award of attorney's fees and costs pursuant the Order Granting the Stipulated Judgment, ECF No. 8, and the admitted failure of STC to transfer the CREG shares pursuant to the Stipulated Judgment. Further, the Motion seeks an award of attorney's fees and costs in accordance with the Investing Banking Engagement Agreement and the Equitable Powers of the Court Fed. R. Civ. P. 60(b)(1), (5) and (6). The total attorney's fees and costs are $33,369.25.

The Court having reviewed the Motion finds that pursuant to its inherent equitable powers or those powers afforded pursuant to Fed.R.Civ.P. 60, may amend the prior order granting the stipulated judgment based on unforeseen circumstances following the judgment's entry on May 15, 2024. As described in the Motion, and specifically noted above, the total monetary value of the judgment is $139,066.00 which at the time on or about May 15, 2024, was the equivalent of 128,765 shares. Due to the prolonged delay of delivering the shares to the assignees, the price per share significantly decreased. Ultimately, only $84,717.85 was obtained to satisfy the judgment, which leaves a balance of $54,348.15.

**THE COURT THEREFORE ORDERS** Defendant, SECURITIES TRANSFER CORPORATION to issue an additional 158,959 shares to the assignees in the respective percentage identified above which cumulative total equals $87,427.53, based on a current valuation of $0.55 obtained on the 11th day of June, 2025, and in all other aspects doing so in a similar manner to which the parties previously agreed.

4

**THE COURT FURTHER ORDERS** disbursement of shares in amount equal to fees and costs awarded, and to be disbursed in accordance with respective percentages:

75% or 119,219 shares to Sandstone Group Corp.

25% or 39,740 shares to Newbridge Securities Corporation

**IT IS SO ORDERED.**

Dated this 11th day of June, 2025.

_____
Miranda M. Du, U.S. District Court Judge